## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALVIS BAHAM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1636** |
| **NATHAN BURL CAIN II, WARDEN** | **SECTION "F"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.      Factual and Procedural Background

The petitioner, Alvis Baham ("Baham"), is a convicted inmate currently incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana.[2]  On January 7, 2013, Baham and three co-defendants, Johanna Silvey, Gregory Sharp, and Lonnie Blake Rainey, were named in a three-count bill of information in St. Tammany Parish in which Baham and the other co-defendants were charged in count one with possession of methamphetamine and only Baham and Rainey were

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 11.

charged in count three with operation of a clandestine methamphetamine laboratory.[3] Baham initially entered a plea of not guilty to the charges on January 9, 2013.[4]

He withdrew that plea on April 9, 2013, and pursuant to a plea agreement with the State, Baham entered a plea of guilty to the two counts and agreed to enter a plea of true to the multiple bill charging him only as a second offender (instead of a fourth offender) and exposing him to a twenty-year sentence with the agreement of the Court.[5] After a full hearing, including waiver of his constitutional rights and a request for leniency, the Court accepted the plea to the underlying counts.[6]

The Court then discussed with Baham the multiple bill filed by the State.[7] The Court again reviewed each of Baham's constitutional rights, including his right to object to the constitutionality of the underlying convictions.[8] Following the reading of the bill, Baham admitted to the bill and the Court adjudicated him to be a second offender as to count three of the original indictment (operation of the clandestine methamphetamine laboratory).[9] Pursuant to the plea and the plea agreement, the Court sentenced Baham to serve five years in prison at hard labor on count one and to serve a

---

[3]St. Rec. Vol. 1 of 2, Bill of Information, 1/7/13.  Count two of the bill charged Silvey and Sharp with possession of hydrocodone.

[4]St. Rec. Vol. 1 of 2, Minute Entry, 1/9/13.

[5]St. Rec. Vol. 1 of 2, Plea Transcript, pp. 2, 17, 4/9/13; Plea Minutes, 4/9/13; Plea of Guilty and Waiver of Rights, 4/9/13.

[6]St. Rec. Vol. 1 of 2, Plea Transcript, pp. 18-19, 22-23, 4/9/13.

[7]St. Rec. Vol. 1 of 2, Plea Transcript, pp. 24-25, 4/9/13; Multiple Bill, 4/9/13.

[8]St. Rec. Vol. 1 of 2, Plea Transcript, pp. 25-26, 4/9/13.

[9]St. Rec. Vol. 1 of 2, Plea Transcript, pp. 26-27, 4/9/13.

concurrent term on count three of twenty (20) years in prison at hard labor as a multiple offender without benefit of probation or suspension of sentence as to count three.[10]

Baham's conviction and sentence became final thirty (30) days later, on May 9, 2013, because he did not seek reconsideration of the sentence or file an appeal.  La. Code Crim. P. art. 914;[11] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

On October 28, 2013, Baham signed and submitted an application for post-conviction relief to the Trial Court in which, under a broad reading, he asserted that his guilty plea to the underlying charges was not knowing and voluntary for the following reasons:[12] (1) the proceeding was conducted as a group with other defendants pleading in other cases and he was confused about the proceedings; and (2) the Trial Court failed to properly advise him of his right to remain silent at trial and that he could not be forced to testify at trial before the jury, and had he known this, he would have chosen to go to trial.  The Trial Court denied relief on November 12, 2013, noting that Baham was advised his right against self-incrimination.[13]

---

[10]St. Rec. Vol. 1 of 2, Plea Transcript, p. 27, 4/9/13; Plea Minutes, 4/9/13.

[11]Louisiana law requires a criminal defendant to move for leave to appeal within thirty(30) days of the order or judgment being appealed or a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).  Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

[12]St. Rec. Vol. 1 of 2, Uniform Application for Post-Conviction Relief, 11/4/13 (dated 10/28/13).

[13]St. Rec. Vol. 1 of 2, Trial Court Order, 11/12/13.

In his writ application to the Louisiana First Circuit, Baham argued errors with more expansive arguments than those presented to the Trial Court:[14] (1) the Trial Court erred when it denied the application for post-conviction relief without an answer from the State; and (2)(a) the plea to the multiple bill was not knowingly and intelligently made where the judge failed to individually inform him of his constitutional rights to be waived, (b) he was not advised of the minimum and maximum penalties under the multiple offender laws, (c) he was confused during the group plea colloquy on the multiple bill, (d) he pleaded to the multiple offender bill without first being advised of his right to remain silent, and (e) the Court failed to comply with state and federal law because the plea colloquy was done in a group and he was not personally advised of his rights. The appellate court denied relief without stated reasons on April 21, 2014.[15]

In his related writ application to the Louisiana Supreme Court, Baham made the following similar arguments:[16] (1) the Trial Court erred when it denied the application for post-conviction relief without an answer from the prosecutor; and (2)(a) the Trial Court erred in finding that the plea to the multiple bill was knowingly and intelligently made and finding that he was advised of his right against self-incrimination, (b) he was not advised of the minimum and maximum penalties under the multiple offender laws, (c) he was confused during the plea colloquy on the multiple bill, (d) he pleaded to the multiple offender bill without being advised of his right to remain silent, and (e) the Court failed to comply with state and federal law because the plea colloquy was done in a group and

---

[14]St. Rec. Vol. 2 of 2, 1st Cir. Writ Application, 2014-KW-0015, 1/6/14 (dated 1/2/14).

[15]St. Rec. Vol. 1 of 2, 1st Cir. Order, 2014-KW-0015, 4/21/14.

[16]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 14-KH-1071, 5/23/14 (postal metered 5/14/14); St. Rec. Vol. 1 of 2, La. S. Ct. Letter, 2014-KH-1071, 5/23/14.

he was not personally advised of his rights. The Louisiana Supreme Court denied the writ application without stated reasons on March 27, 2015.[17]

## II.   **Federal Petition**

On May 13, 2015, the Clerk of Court filed Baham's federal petition for habeas corpus relief in which he asserted, under a broad reading, the following grounds for relief:[18] (1) the plea was not voluntary and intelligently made "with significant awareness of the cognizant elements and offenses to the multiple offender adjudication;" (2) he was not informed of the rights he possessed before he decided to plead guilty to the multiple bill; (3) counsel instructed petitioner that he was previously adjudicated a multiple offender and was presumptively guilty as a recidivist; (4) there was an affirmative defense available to petitioner and, but for counsel's performance, he would not have pleaded guilty to the multiple bill; (5) the predicate convictions used in the multiple bill proceeding were not voluntary and intelligent pleas because he was not advised of his right to remain silent; (6) counsel had a "professional obligation" to review the documentation supporting the multiple bill and to object to any improprieties, which he did not do; (7) he was not provided reasonable notice and an opportunity to be heard on the multiple bill; (8) his rights were violated by counsel who was under the impression and advised petitioner that he had no particular rights in the multiple bill proceedings and the sentence was predetermined; and (9) he was denied due process in the multiple bill proceeding with regard to the State's unchallenged evidence.

---

[17]*State ex rel. Baham v. State*, 162 So.3d 375 (La. 2015); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2014-KH-1071, 3/27/15.

[18]Rec. Doc. No. 1.

The State filed an answer and opposition in response to Baham's petition conceding that it was timely filed.[19]  The State argues, however, that Baham failed to exhaust state court remedies in a procedurally proper manner as to the claims challenging the plea to the multiple bill and the arguments related to deficiencies in his counsel's performance.  In the alternative, the State contends that the challenge to the voluntariness of the multiple offender plea is without merit.

In his reply to the State's opposition, Baham contends that he filed for post-conviction review in each level of the state courts.[20]  He challenges the State's exhaustion defense as a "hyper technical presentment requirement."[21]  He contends that any substantive change in his claims and arguments resulted from the lack of adequate legal assistance at the prison.  He also argues anew that he has always asserted that he was not afforded a proper waiver of his rights on the prior predicate convictions before pleading guilty in the multiple offender proceeding.  He further contends that defense counsel acted contrary to professional norms when counsel did not provide him with necessary information to make a voluntary waiver of those rights.  Baham again repeats his arguments contending that he did not receive adequate notice of the multiple offender proceedings and was not informed of his rights before he entered the plea of guilty to the multiple bill.  He also asserts that the State failed to meet its burden of proving the validity of the underlying convictions addressed in the multiple bill.

---

[19]Rec. Doc. Nos. 8, 9.

[20]Rec. Doc. No. 10.

[21]*Id.*

**III.**   **General Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[22] applies to this petition, which is deemed filed in this court by Baham under the federal mailbox rule on April 15, 2015.[23]   The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

In this case, the State concedes and the record reflects that Baham's federal petition was timely filed under the AEDPA and none are in procedural default at this time.  As indicated above, however, the State argues that Baham did not properly exhaust his arguments including some raised here for the first time.  For the following reasons, the record confirms that Baham did not properly exhaust state court remedies as to any of the claims raised in this federal petition.

---

[22]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[23]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The Clerk of Court filed Baham's federal habeas petition on May 13, 2015, when it was received with the filing fee.  Baham dated his signature on the form petition on April 15, 2015.  Rec. Doc. No. 1, p. 11.  This is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to the Court.

IV.    **Exhaustion Doctrine**

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419.   "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court in a procedurally proper manner. *Whitehead*, 157 F.3d 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).   "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).   "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78).   "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id.*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

When ineffective assistance of counsel is raised, the claim is not exhausted if the petitioner did not raise or mention the same basis or legal theory in the state court proceedings that is asserted in a federal petition. *See Ogan v. Cockrell*, 297 F.3d 349, 358 (5th Cir. 2002) ("Because Ogan is now proceeding on a different theory than that advanced in the state habeas court, we find this

ineffectiveness of habeas counsel claim to be unexhausted."); *Burns v. Estelle*, 695 F.2d 847, 849-50 (5th Cir. 1983) (factual bases for ineffective assistance claim were not exhausted as "significantly different" from those raised in state court).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court, and vice versa. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  Furthermore, a petitioner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised.  *Id.*, 541 U.S. at 32.

In this case, the State argues that Baham has not exhausted available state court remedies in a procedurally proper manner with respect to all of his claims challenging the multiple offender proceedings, including a new argument of insufficient evidence, and his newly asserted claims of ineffective assistance of counsel.  To briefly reiterate the procedural history of this case, Baham raised only two arguments in his post-conviction application presented to the state trial court.  First, he claimed that group plea colloquy was contrary to state and federal law and caused him confusion. Second, he argued that the Trial Court failed to advise him that the right to remain silent was with respect to testimony at trial and that he could not be forced to testify before the jury at trial.  He claimed that, had he known this, he would not have entered the guilty plea and would have instead chosen to go to trial on the underlying criminal charges.  There was no mention of the multiple offender proceeding in the claims and arguments asserted to the state trial court.

The record also shows that Baham raised his claims related to the "group colloquy" and his confusion at the plea hearing to both the Louisiana First Circuit and the Louisiana Supreme Court; however, at those levels, the claims were directed specifically to the plea colloquy on the multiple

offender bill and not the plea to the criminal charges in the bill of information discussed in the state trial court.  In fact, Baham added claims in the higher courts that his plea to the multiple bill was not knowingly made because the state trial court failed to advise him of the nature of the charges and the consequences of his plea with specific reference to the minimum and maximum sentences under Louisiana's habitual offender laws.  These arguments were not raised to the Trial Court and were not properly presented to the higher state courts.

Furthermore, when Baham sought review in the Louisiana First Circuit and the Louisiana Supreme Court, he did not address the Trial Court's failure to advise him of his right to remain silent and not be forced to testify before the jury at trial on the criminal charges.  Instead, while citing similar law, he morphed the argument into a failure of the Trial Court to advise him of his right to remain silent at the hearing on the multiple bill, without mention of the jury trial on the underlying charges.  As found above, Baham focused his arguments in that writ application on the multiple offender proceedings and included arguments which were not addressed in the initial application for post-conviction relief in the state trial court.

Upon review of his federal habeas petition, Baham again challenges the voluntariness of his guilty plea to the multiple bill and the failure to advise him of his rights before he entered the plea of guilty as a multiple offender.  Even under a broad reading, Baham does not challenge the underlying plea of guilty to the criminal charges as he did in the state trial court in the initial application for post-conviction relief.  Each of his claims in this federal petition are directed to the multiple offender proceeding.

He also now includes new arguments that he did not receive due notice of the multiple offender proceedings and was not given the opportunity to challenge the evidence used by the State

to support the multiple bill.  As an extension of that, he also now for the first time challenges the sufficiency of the evidence and validity of the predicate offenses, relied on by the State to support the multiple bill.  Baham also asserts several incidents of ineffective assistance of counsel during the multiple offender proceeding, including the failure to advise him that he could challenge the multiple bill, and but for counsel's errors, he would not have entered the guilty plea.  None of these arguments were raised to any state court.

These unexhausted claims and new arguments were reiterated by Baham in his reply to the State's opposition without any cognizable explanation for his failure to exhaust.  While Baham considers the exhaustion requirement to be a "hyper technical presentment requirement," it is the mandate of law and the directive of the United States Supreme Court that the state courts be given the first opportunity to address a petitioner's claims before being reviewed by the federal courts. *See Preiser*, 411 U.S. at 475.

In addition, his failure to properly present his claims in this case also is more than just a technical failure on his part.  Affording his state court pleadings the broadest of readings, he in no way has properly exhausted available state court remedies on the same claims and legal theories presented to this federal court.  He did not present the same claims to the Louisiana First Circuit and the Louisiana Supreme Court that were argued to the Trial Court.  Having skipped review in the Trial Court of his challenges to the multiple bill proceedings, he did not complete procedurally proper exhaustion of the challenges to the multiple bill proceedings.  Furthermore, the claims presented to this federal court include the unexhausted challenges and additional arguments not raised to any state court.  There simply was no procedurally proper exhaustion of any of the claims before this Court.

The record also discloses no good cause for Baham's failure to properly and fully exhaust his claims in the state courts, and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Contrary to his suggestion, he is not entitled to legal assistance in presenting his claims on state post-conviction or collateral review, and in this case, that is not an excuse for his failure to exhaust. *See Coleman v. Thompson*, 501 U.S. 722, 757 (1991) (there is no general right to effective assistance of counsel in state post-conviction proceedings); *Newton v. Quarterman*, 272 F. App'x 324 (5th Cir. 2008). Thus, Baham's *pro se* status would not excuse his failure to exhaust. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (*pro se* status does not constitute "good cause" for failure to exhaust state remedies); *Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007) (ignorance of the law does not constitute "good cause" for failure to exhaust). Having found no good cause for his failure to exhaust, this petition should be dismissed without prejudice for failure to exhaust available state court remedies.[24]

## V.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Baham's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

---

[24]Petitioner would not be entitled to a stay of these proceedings, should one be requested, where this is not a mixed petition and there has been no showing of good cause to provide that extraordinary relief. The Supreme Court has held that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Rhines*, 544 U.S. at 278. The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," (emphasis added), and is appropriate only when the court determines that there was "good cause" for the failure to fully exhaust state court remedies on all claims raised. *Id.*, at 277; *see also Pliler v. Ford*, 542 U.S. 225, 233 (2004). There is no such showing here.

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[25]

New Orleans, Louisiana, this 25th day of August, 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[25]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

13